## Taylor v. Taylor.

*T. Foster Thomas,* for libellant; *Eugene J. Corrigan,* for respondent.

ALESSANDRONI, J., May 28, 1931.—On July 6, 1920, a final decree in divorce was granted to Frederick G. Taylor against his wife, Mary C. L. Taylor, who now petitions the court to vacate the decree on the ground of fraud. The fraud charged consists in the alleged conscious suppression by her husband of her whereabouts when before the master he pleaded ignorance of the precise residence of his wife. The petitioner shows that prior to the master's hearing, viz., February 5, 1918, her husband, then in the United States Army at Camp Meade, stated the residence of his wife as No. 215 Day Street, New Haven, Connecticut. As a result of this concealment, the petitioner was deprived of notice of the pending proceeding and consequently the opportunity to appear and defend. She also avers that she was without knowledge of the divorce action brought against her until the year 1929.

The answer to the petition is a general denial of the allegations of fraud, and it charges the petitioner with knowledge of the entry of the decree against her as far back as February 8, 1921, when she appeared in the Municipal Court of this county to prosecute her petition for an order on her husband for the support of her minor child, Wilfred. The record of the divorce proceed-

ings shows that notice was had upon the petitioner by publication in this jurisdiction, as well as in the "Winsted Evening Citizen," of Norfolk, Connecticut, where they last lived together.

The relief asked for is resisted by the husband upon the ground that the petitioner is guilty of laches, and in support thereof he points to the stenographic record of the several proceedings had in the Municipal Court in which the husband was respondent, as of 1921 Term, No. 267, on the following dates: February 2 and 9, 1922, September 2, 1924, and October 1, 1926. An examination of the notes of testimony taken at these various hearings shows beyond a doubt that Mary C. L. Taylor had knowledge of the existence of the decree in divorce. She appeared in this jurisdiction at least on four occasions in behalf of the order for her child's support. It is clear, therefore, whatever her state of mind might have been during the progress of the divorce case, that she had knowledge of the decree within a year or two after the proceedings were ended. It was clearly then her duty to act within a reasonable time to bring to the knowledge of the court facts which might have moved it to open or vacate the decree. This she has not done, and in explanation she offers the excuse of ignorance. The plea is naive and unconvincing. The same intelligence that directed her to the Municipal Court for relief for her child could have been employed then, as now, to ascertain her rights against her husband. While she protested at one of the hearings before the Municipal Court that she had no notice of the divorce proceedings, she appears to have been content to remain idle. It is now nearly ten years since the final decree was granted, and the situation is further complicated by the remarriage of her husband and the involvement of his present wife, who had a right to rely upon the decree of this court. In view of the insufficiency of the explanation for the failure of the petitioner to act sooner, we feel that she is guilty of laches and not entitled to the relief prayed for.

And now, to wit, May 28, 1931, the rule to show cause why the decree heretofore entered in this case should not be vacated is discharged.